IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11049
_____


HARRY PTASYNSKI; WL GRAY & CO,

                    Plaintiffs-Appellees-Cross-Appellants,


        versus


SHELL WESTERN E&P INC; ET AL,


                    Defendants


SHELL WESTERN E&P INC;
SHELL OIL COMPANY; MOBIL OIL CORP,


                    Defendants-Appellants-Cross-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Texas, Dallas
_____

May 24, 2002


ON PETITION FOR REHEARING AND REHEARING EN BANC

(Opinion 2/13/02)

Before GARWOOD, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

    [*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under

In their petition for rehearing plaintiffs urge, among other things, that their contract claims are not barred by limitations, and that they have viable contract claims because the district court, in its June 16, 1999 order, observed that "there is no market for carbon dioxide in Colorado," and accordingly, plaintiffs contend, under the instruments creating their overriding royalty interests (their lease assignments) they could not be required to bear any portion of the cost of transporting the carbon dioxide over the some 500 miles from the tailgate of the McElmo Dome Unit to West Texas.

As the district court in its June 16, 1999 order noted "Plaintiffs' breach of contract claims are based on two alleged contracts: their federal and state lease assignments and the brochure." In that order the court held that plaintiffs as a matter of law had no right to any contract recovery on the basis of their federal and state lease assignments, and that there was a fact issue for trial as to whether they had a contractual claim on the basis of the brochure. Accordingly, the only contract claim which was bench tried was that based on the brochure itself. Only the claims which were bench tried were before us. Plaintiffs in their cross-appeal brief and in their reply brief in this Court never urged as error any claim that the district court erred in its June 16, 1999 ruling that their contract claims based on their

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

lease assignments were invalid. Accordingly, any contract claim based on the underlying leases and the assignments thereof is not before us. As to plaintiffs only other contract claims, those based on the brochure, the brochure did not, as a matter of law, constitute or create a contract (see the last grammatical paragraph of part III of our February 13, 2002 opinion herein).

Plaintiffs also point out that our opinion incorrectly states that before the brochure was sent out Shell "had only to obtain consent of an additional 4% of the total royalty interest in order to secure final approval [of the unit] from the [Colorado] Commission." Our error in this respect is immaterial. Shell was required to have approval of more than 80% of the cost free interests and this would have required it to procure approval of the owners of approximately one fifth of the *overriding* royalty interests (collectively, the *overriding* royalty interests owned approximately 25% of the total cost free interests); Shell already had approval for approximately 76% of the cost free interests. However, there is no evidence (or claim) that plaintiffs together owned (or controlled) a sufficient overriding royalty interest to have prevented Shell from procuring the required 80% of the cost free interests if plaintiffs had not approved the unit. Shell eventually procured approval of 92.5% of the cost free interests. There is no evidence that this percentage would have been less than 80.5% if both plaintiffs had withheld approval.

3

The Petition for Rehearing is DENIED and no member of this panel nor judge in regular active service on the court having requested that the court be polled on Rehearing En Banc, (FED. R. APP. P. and 5TH CIR. R. 35) the Petition for Rehearing En Banc is also DENIED.[**]

No further petition for rehearing will be entertained. The mandate shall issue forthwith.

---

[**]Judge Edith H. Jones did not participate in the consideration of the rehearing en banc.

4